In the United States District Court of Colorado

Petitioner

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:27 pm, Mar 24, 2023
JEFFREY P. COLWELL, CLERK

## Petition for civil suit for unlawful detainer by jail.

Pursuant to: Sections 18 U.S.C. §40(e)(f)(c)(d)
Pursuant to: Sections 18 U.S.C. §3624(e)(i)

also pursuant to: Uniform Criminal Extradition Act, 22.0.S. Supp §1141.6,

Pursuant to: Granted writ of Habeas Corpus, where prisoner is imprisoned on a "hold order."

Relief sought: release from custody and $100,000.00

In United States v. Janze, 124 F.R.D. 86 (M.D. Pa 1989) the court held that under Rule 40(e), a defendant arrested on a warrant issued in another district for failure to appear is entitled to a bail hearing PENDING his return to the charging district.

Rule 40(f) expressly provides for bail consideration in those circumstances, being held to answer or "face charges", not being pshysically held without bail hearing.

Fugitive Tolling is considered supervisory by the Ninth and First Circuit Courts.

House Bill 21 stipulates conditions of release from personal recognizance bond to not exceed 6 hours from the return to jail after court. Supervisory conditions do not allow fugitive tolling or delay of release, unless electronic monitoring fitting is required as a condition of bond, then sheriff may delay release for 24 hours.

In the United States District Courts of Colorado pg 1

Petitioner: Marina Carrillo-Lovato-Segura
v.
Respondants: Attorney General of Colorado, Jefferson County Jail, Adams County Detention Facility, Jefferson County Sheriff, Arapahoe County Jail, Executive Administrator of Department of Corrections Colorado

## Certificate of Service

This sworn statement of Marina Carrillo-Lovato Segura

I, Marina Carrillo-Lovato Segura swear that this document was mailed by USPS mail, from the address of 200 Jefferson County Pkwy, Golden, Co 80402 on March ___, 2023. The document containing motions for release from custody, motion for detention hearing, and motion for reverse fugitive tolling order, and petition for civil suit for unlawful detainer by jail, are addressed to the Clerk of Courts, U.S. District Courts of Colorado, 901 19th Street, Denver, Co 80294.

Signed Petitioner
Marina Carrillo-Lovato Segura
Date: March ___, 2023

Notary:

Defendant - Marina Carrillo Lovato Segura

Persuant to 18 U.S.C. §3624(e), defendant motions this court to release from custody without delay "Fugitive tolling"

To begin, the statutory provisions touching upon supervised release neither expressly require nor expressly permit tolling during the interval when an offender is in fugitive status. The only tolling provision that Congress saw fit to enact is contained in 18 U.S.C. §3624(e), which tolls the running of a term of supervised release during any period in which an offender is imprisoned for thirty days or more in connection with a different crime. The defendant has been imprisoned from dates February 18th, 2023 til date. This is a total of 32 days. The defendant moves forward to motion this court to release defendant from custody without delay. The first and the ninth circuits appear to be the only other circuit courts to have considered the question of fugitive tolling in the supervised release context. Those courts have reached different conclusions.

in 18 U.S.C. § 3624(e) States v. Murguia-Oliveros, 421 F.3d 951, 954 (2005)

v.

United States v. Crane 979 F.2d 687, 691 (9th Cir. 1992)

"In the Ninth Circuits view, a contrary ruling would reward those who flee from bench warrants and maintain their fugitive status until the expiration of their original term of supervised release." United States v. Ignacio Juarez, 601 F.3d 885, 890 (9th Cir. 2010)

The First Circuit has rejected the Ninth Circuits view, holding that "there can be no tolling of the period of supervised release on the basis of fugitive status." United States v. Hernandez-Ferrer, 599 F.3d 63, 64 (1st Cir. 2010) In reaching this conclusion, the court primarily relied on the plain language of § 3624(e)(i) (the "delayed revocation" provision). To begin

United States of America, Plaintiff-Appellee

v.

William Buchanan, aka Kenneth Parker, Defendant-Appellant

No. 09-4834

United States Court of Appeals for the Fourth Circuit

Argued: December 10, 2010

Decided: April 13, 2011

Published

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, Senior District Judge. (1:91-cr-00062-TSE-1)

Before Wilkinson, Shedd, and Duncan, Circuit Judges.

The First and the Ninth Circuits appear to be the only other circuit courts to have considered the question of fugitive tolling in the supervised release context. Those courts have reached different conclusions.

United States v Buchanan, No 09-4834 (4th Circuit Apr 13, 2011)

Anderson v State, 386 P2d 320 (Okla. Crim. App 1963) Page 322

U.S. v Buchanan, 638 F.3.d 448 (4th Cir. 2011)

page 322 -
Original proceedings in which John Richard Anderson, petitioner seeks his release from the Pittsburg County Jail by Writ of Habeas Corpus, where he is imprisoned on a "hold order" from a Writ of Extradition from the State of Texas. Writ granted.
- George L Hill, McAlester, for petitioner.
- Charles Nesbitt, Atty. Gen., Richard A. Penix, Pittsburg County Atty., for respondent.
- Nix, Judge.

Uniform Criminal Extradition Act, 22 O.S. Supp. § 1141.6, the only evidence admissible on habeas corpus to secure release from custody under the warrant of extradition is such as may tend to prove that defendant was not in demanding state at the time crime was allegedly committed, or that the person sought to be extradited is not actually the person charged with the crime in the demanding state.